SHM LAW FIRM
Qianwu Yang
(Bar No. 336610)
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Phone: +86 139 2521 2009
Facsimile: +86 755 8326 6693

DENTONS US LLP
Nicholas B. Janda (Bar No. 253610)
nick.janda@dentons.com
601 S. Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

DENTONS U.S. LLP
Kevin R. Greenleaf (Bar No. 256896)
kevin.greenleaf@dentons.com
Nicholas H. Jackson (Bar No. 269976)
nicholas.jackson@dentons.com
Mark L. Hogge (admitted pro hac vice)
mark.hogge@dentons.com
1900 K Street NW Washington, DC 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756

Attorneys for Defendant and Counterclaim Plaintiff Toloco, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HYPER ICE, INC., a California corporation, and HYPERICE IP SUBCO, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>TOLOCO, INC., a California corporation,<br><br>Defendant. | CASE NO. 8:24-cv-00099<br><br>**TOLOCO, INC.'S ANSWER TO COMPLAINT; AFFIRMATIVE DEFENSES; AND COUNTERCLAIMS**<br><br>**REQUEST FOR JURY TRIAL (F.R.C.P. Rule 38)** |

**ANSWER TO COMPLAINT**

Defendant Toloco, Inc. ("Toloco") hereby answers the Complaint presented by Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco, LLC (collectively, "Hyperice") as follows:

**GENERAL DENIAL**

Toloco denies all allegations in Hyperice's Complaint except for those specifically admitted below. With respect to the allegations made in the Complaint, upon knowledge with respect to Toloco's own acts, and on information and belief as to other matters, Toloco responds and alleges as follows:

1. In answer to Paragraph 1, Toloco admits that the Complaint purports to be for patent infringement of U.S. Patent No. 11,857,482 ("the '482 Patent"). Toloco specifically denies any act of patent infringement, past or present.

**THE PARTIES**

2. In answer to Paragraph 2, Toloco lacks information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis denies the allegations in their entirety.

3. In answer to Paragraph 3, Toloco admits that it is a California corporation. Toloco denies each of the remaining allegations.

4. In answer to Paragraph 4, Toloco admits that it sells massage guns via Amazon.com and via its website, toloco.xyz, to consumers in this District, throughout the State of California, and throughout the United States. Toloco denies each of the remaining allegations.

**JURISDICTION AND VENUE**

5. In answer to Paragraph 5, Toloco admits that the Complaint purports to state that this is an action for patent infringement of the '482 Patent. Toloco denies that there has been any infringement.

6. Paragraph 6 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Toloco admits that this Complaint purports to be, among other things, one for patent infringement rising, if at all, pursuant to 28 U.S.C. Sec. 1331 and 1338(a) and/or the Patent Laws of the United States, Title 35, United States Code, and Toloco denies any cause of action.

7. Paragraph 7 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Toloco does not contest the Court's exercise of personal jurisdiction over it for purposes of this action only. Toloco denies the remaining allegations of Paragraph 7.

8. Paragraph 8 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Toloco does not contest venue for purposes of this action only. Toloco denies the remaining allegations of Paragraph 8.

## GENERAL ALLEGATIONS

9. In answer to Paragraph 9, Toloco admits that Exhibit 1 purports to be a copy of the '482 Patent, which indicates on its face that it is entitled "Massage Device Having Variable Stroke Length," that this patent purports to have issued on January 2, 2024, claiming priority to Application No. 14/317,573, filed on June 27, 2014, and Provisional Application No. 61/841,693, filed on July 1, 2013. Toloco is without information as to the truth of these allegations and lacks information sufficient to support a belief as to these and the remaining allegations of this paragraph and therefore denies the allegations of paragraph 9 in their entirety.

10. In answer to Paragraph 10, Toloco lacks information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis denies the allegations in their entirety.

11. In answer to Paragraph 11, Toloco denies the allegations of said paragraph in their entirety.

12. In answer to Paragraph 12, Toloco lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the allegations of said paragraph in their entirety.

13. In answer to Paragraph 13, Toloco admits that it offers for sale and sells TOLOCO massage guns, including Models EM26, X8, and TO-M63. Toloco denies the remaining allegations.

## COUNT 1 – PATENT INFRINGEMENT

14. Toloco admits that this paragraph purports to reallege and incorporate by reference paragraphs 1-13 of the Complaint.

15. In answer to Paragraph 15, Toloco denies the allegations of said paragraph in their entirety.

16. In answer to Paragraph 16, Toloco admits that the Complaint purports to allege infringement of claim 1. Toloco lacks information sufficient to support a belief as to the scope of claim 1, including the definition of claim terms which were not defined in the Complaint, therefore, denies the allegations of said paragraph in their entirety.

17. In answer to Paragraph 17, Toloco denies the allegations of said paragraph in their entirety.

18. In answer to Paragraph 18, Toloco denies the allegations of said paragraph in their entirety.

## PRAYER FOR RELIEF

This section of Plaintiffs' Complaint constitutes Prayers for Relief that do not require a response. Toloco denies that Plaintiffs are entitled to any judgment or requested relief or any other relief whatsoever and, therefore, specifically denies Paragraphs 1 to 7 of the Complaint Prayer for Relief.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and upon information and belief, Toloco alleges and asserts the following affirmative defenses in response to the allegations in Hyperice's Complaint. In addition to the defenses described below, subject to its responses above, Toloco specifically reserves all rights to allege additional defenses that become known through the course of discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Hyperice's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure of Hyperice's Complaint to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### SECOND AFFIRMATIVE DEFENSE

### (Patent Invalidity and Unenforceability)

2. The claims of the '482 Patent are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty and are taught and suggested by the prior art.

3. The claims of the '482 Patent are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

4. The claims of the '482 Patent are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and indefiniteness.

5. The claims of the '482 Patent is invalid and unenforceable under 35 U.S.C. §§ 101, 115, and/or 116 because the '482 Patent claims ineligible subject matter, has improper inventorship, fails to identify all of or the correct inventors.

**THIRD AFFIRMATIVE DEFENSE**

**(Inequitable Conduct)**

6. The ’482 Patent is unenforceable due to the inequitable conduct of Sanjeet Dutta, who, on information and belief, breached his duty of candor and good faith to the United States Patent and Trademark Office (“USPTO”) by making at least two materially false statements with the specific intent to deceive the USPTO that led to the issuance of Claims 26 and 59 of the ’482 Patent.

7. On August 10, 2023, Mr. Dutta misled the USPTO when he filed an amendment with the USPTO adding new claims to the application that issued as the ’482 Patent and stated: “New claims 35-65 are added. No new matter is added.”

8. However, application claim 63 is new matter added to the application in violation of 35 U.S.C. § 132.

9. Application claim 63 appears on p. 9 of the Amendment as:

> (New) The percussive massager of claim 62, wherein an offset between the flywheel axis and an axis of the crank pin is directly connected to the fly wheel.

10. Mr. Dutta’s misrepresentation was material to patentability. The proposed Amendment introduced new matter; there is no basis in the patent specification for the direct drive claim feature of Claim 59. On information and belief, the USPTO relied on Mr. Dutta’s misrepresentation, and application claim 63 issued as patent Claim 59.

11. Mr. Dutta had previously added the same dependent claim in the prosecution as application Claim 32 in the AMENDMENT IN RESPONSE TO NON-FINAL OFFICE ACTION UNDER 37 C.F.R. §1.111. In that amendment, Mr. Dutta made the same statement that no new matter was being added in the on page one of the remarks section.

12. Mr. Dutta's misrepresentation was material to patentability. The proposed amendment introduced new matter; there is no basis in the patent specification for claim feature of Claim 26. On information and belief, the USPTO relied on Mr. Dutta's misrepresentation, and application claim 32 issued as patent Claims 26.

13. The term "predetermined" refers to adjustments in piston stroke length performed by the user by way of a "cam or other adjustment mechanism". Col. 7 line 20 to Col. 8, line13. The offset between the crank pin and the centerline of the fly wheel set forth in the specification is not for adjusting the piston stroke. It is a "scotch yoke" for converting rotary to linear motion. Col. 5, lines 10-14. The "offset" is established in the manufacturing process, is not adjustable, and does not control a stroke length of the piston, i.e., "In some instances, it may be desirable to adjust the throw or the stroke length of the messaging head…." Col. 7, lines 20-23.

14. Upon information and belief, Mr. Dutta made the misrepresentations with the specific intent to deceive the USPTO in order to obtain a patent Claims 26 and 32 and for them to not be limited to "variable stroke length."

15. The misrepresentation renders the patent unenforceable and renders dependent claims 32 and 63 invalid under 35 U.S.C. § 132 for adding new matter. The claims are invalid under 35 U.S.C. § 112 for failure to have a written description and enablement.

## FOURTH AFFIRMATIVE DEFENSE

## (Prosecution History Estoppel)

16. Hyperice is barred, under the doctrine of prosecution history estoppel, from construing the claims of the '482 Patent in such a way as to cover any accused product by reasons of statements made to the United States Patent and Trademark Office.

**FIFTH AFFIRMATIVE DEFENSE**

**(Limitation on Patent Damages)**

17. Hyperice's claim for damages, if any, against Toloco for alleged infringement of the '482 Patent is limited by 35 U.S.C. §§ 286, 287, and/or 288.

18. With respect to the marking requirement of § 287, Hyperice has failed to mark its allegedly patented articles.

19. With respect to the notice requirement of § 287, Hyperice did not provide notice to Toloco of the '482 Patent and/or notice of Toloco's alleged infringement of the '482 Patent before the filing of its Complaint on January 16, 2024.

**SIXTH AFFIRMATIVE DEFENSE**

**(Not An Exceptional Case)**

20. If Hyperice is entitled to any remedy, Hyperice is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, pursuant to the Court's inherent power, or otherwise.

**RESERVATION OF ADDITIONAL DEFENSES**

21. Toloco reserves the right to assert any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

**COUNTERCLAIMS**

Toloco incorporates herein by reference the admissions, allegations, denials, and Defenses contained in its Answer above as if fully set forth herein. For its Counterclaims, and upon information and belief, Toloco states as follows:

**THE PARTIES**

1. Toloco, Inc. is a California corporation with a principal place of business at 9080 Telstar Ave., Suite 332, El Monte, CA 91731.

2. On information and belief, Hyper Ice, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 525 Technology Drive, Suite 100, Irvine, CA 92618.

3. On information and belief, Hyperice IP Subco, LLC is a limited liability company organized under the laws of the State of Minnesota.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims arise under the patent laws of the United States.

5. This Court has personal jurisdiction over Hyper Ice, Inc. and Hyperice IP Subco, LLC (collectively, "Hyperice"), at least because Hyperice has submitted to the jurisdiction of this District.

6. Venue for these Counterclaims is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

7. In the Complaint, Hyper Ice, Inc. and Hyperice IP Subco, LLC (collectively, "Hyperice") assert that Toloco has infringed U.S. Patent No. 11,857,482 ("the '482 Patent").

8. The '482 Patent is invalid, is unenforceable by Hyperice, and/or has not been and is not being infringed by Toloco, either directly or indirectly, literally or under the doctrine of equivalents.

9. There is an actual case or controversy between the parties over the invalidity, unenforceability, and noninfringement of the '482 Patent.

**COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,857,482**

10. Toloco restates and incorporates by reference its allegations in Paragraphs 1 through 9 of its Counterclaims.

11. An actual case or controversy exists between Toloco and Hyperice as to whether the ’482 Patent is not infringed by Toloco.

12. A judicial declaration is necessary and appropriate so that Toloco may ascertain its rights regarding the ’482 Patent.

13. Toloco has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’482 Patent.

**COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,857,482**

14. Toloco restates and incorporates by reference its allegations in Paragraphs 1 through 13 of its Counterclaims.

15. An actual case or controversy exists between Toloco and Hyperice as to whether the ’482 Patent is invalid.

16. A judicial declaration is necessary and appropriate so that Toloco may ascertain its rights as to whether the ’482 Patent is invalid.

17. The ’482 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including Sections 101, 102, 103, 112, 115 and 116.

**COUNT III: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PATENT NO. 11,857,482**

18. Toloco restates and incorporates by reference its allegations in Paragraphs 1 through 13 of its Counterclaims and Paragraphs 6 through 15 of its Affirmative Defenses.

19. An actual case or controversy exists between Toloco and Hyperice as to whether the ’482 Patent is unenforceable due to inequitable conduct.

20. A judicial declaration is necessary and appropriate so that Toloco may ascertain its rights as to whether the ’482 Patent is unenforceable.

21. The ’482 Patent is unenforceable due to the inequitable conduct as detailed in Paragraphs 6 through 15 of Toloco’s Affirmative Defenses.

## DEMAND FOR JURY TRIAL

Toloco hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Toloco prays that this Court enter judgment against Hyperice as follows:

A. That Hyperice’s Complaint be dismissed with prejudice;

B. That Hyperice’s request for compensatory damages be denied;

C. That Toloco receive a judgment in its favor and against Hyperice on the claims set forth in Hyperice’s Complaint;

D. That Hyperice’s request for injunctive relief be denied;

E. That this Court declare the ’482 Patent invalid and unenforceable;

F. That this Court declare that Toloco has not infringed and is not infringing directly or indirectly, by way of inducing or contributing to infringe, any valid and enforceable claim of the ’482 Patent;

G. That Toloco be awarded reasonable attorneys’ fees and costs of suit incurred herein;

H. That this Court declare this case exceptional under 35 U.S.C. § 285, 28 U.S.C. § 1927 and/or the Court’s inherent power and awarding Toloco its costs, attorneys’ fees and other expenses; and

I. For such other and further relief as the Court determines to be just and proper.

DATED: May 13, 2024.

**SHM LAW FIRM**
Qianwu Yang

**DENTONS U.S. LLP**
Kevin R. Greenleaf
Nicholas H. Jackson
Mark L. Hogge

Nicholas B. Janda

By: */s/ Nicholas B. Janda*
Nicholas B. Janda

Attorneys for Defendant and Counterclaim Plaintiff Toloco, Inc.

.